IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

JACOB WESLEY HARDEN                                                                              PLAINTIFF

v.                                         Civil No. 6:21-CV-06047-S0H-BAB

SERGEANT TRUEHILL and                                                                         DEFENDANTS
LIEUTENANT VOSS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. Currently before the Court is a Motion for Summary Judgment by Defendant Voss.[1] (ECF No. 30).

### I. BACKGROUND

Plaintiff filed his Complaint in the Eastern District of Arkansas on April 9, 2021. (ECF No. 2). It was transferred to this District on April 22, 2021. (ECF No. 4). Plaintiff alleges Defendant Voss violated his federal constitutional rights on December 2, 2020, while he was incarcerated in the Arkansas Division of Correction ("ADC") Ouachita River Unit. Specifically, he alleges that while he was handcuffed and being escorted to the Day Clinic, Defendant Voss punched him and then slammed him to the floor, causing him to lose consciousness briefly. (ECF No. 2 at 4-5). He alleges when he regained consciousness, he was laying on the floor and Defendant Voss was rubbing his face in a pool of his own blood, while several other officers were

---

[1] Service to Defendant Truehill was unsuccessful, and Plaintiff's deadline to provide additional information for service was November 15, 2021. (ECF No. 34).

1

attempting to pull Defendant Truehill away from him." (*Id*. at 5). Plaintiff alleges Defendant Truehill was screaming various threats concerning "white boys" at the time. (*Id*.). Plaintiff alleges he was taken to the Day Clinic and then to Isolation. He was transferred to ADC Varner SuperMax the next day. (*Id*.). Plaintiff alleges he filed the "correct grievance procedure" about the incident on December 9, 2020. (*Id*.). He further alleges Defendant Truehill was terminated from employment with the ADC due to this incident. (*Id*. at 5).

Plaintiff attached a copy of a grievance form to this Complaint. The form is largely blank, and what few marks or writing can be seen are completely illegible. (*Id*. at 10).

Plaintiff proceeds against the Defendants in their official and personal capacities. (*Id*. at 4). He seeks compensatory and punitive damages. (*Id*. at 8).

Defendant Voss filed his Motion for Summary Judgment on Exhaustion on October 19, 2021. (ECF No. 30). On October 25, 2021, the Court entered an Order directing Plaintiff to file his Summary Judgment Response by November 15, 2021. (ECF No. 35). Plaintiff filed a Motion for Extension on November 15, 2021, which was granted on November 18, 2021. (ECF Nos. 36, 37). Plaintiff timely filed his Summary Judgment Response on December 10, 2021. (ECF Nos. 41-44).

## II.  LEGAL STANDARD

Summary judgment is appropriate if, after viewing the facts and all reasonable inferences in the light most favorable to the nonmoving party, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986), the record "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Once a party moving for summary judgment has made a sufficient showing, the burden rests with the non-moving party to set forth specific facts, by affidavit or other evidence, showing that a

genuine issue of material fact exists." *National Bank of Commerce v. Dow Chemical Co.*, 165 F.3d 602, 607 (8th Cir. 1999).

The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. "They must show there is sufficient evidence to support a jury verdict in their favor." *National Bank*, 165 F.3d at 607 (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). "A case founded on speculation or suspicion is insufficient to survive a motion for summary judgment." *Id*. (*citing, Metge v. Baehler*, 762 F.2d 621, 625 (8th Cir. 1985)). "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

### III.  ANALYSIS

Defendant Voss argues summary judgment in his favor is appropriate because Plaintiff failed to administratively exhaust any grievance against him concerning this incident. (ECF No. 31 at 6). Defendant Voss further argues that "there is no record that Plaintiff filed any grievance whatsoever in relation to the alleged incident in this case." (*Id*. at 6).

In his Summary Judgment Response, Plaintiff does not dispute that he failed to exhaust a grievance concerning this incident. Instead, Plaintiff argues that he began the grievance process, and points to the grievance copy attached to his Complaint (ECF No. 2, p. 10) as evidence but was released from the ADC before receiving a grievance response on December 22, 2021. (ECF No. 42). He argues he, therefore, exhausted his administrative remedies "to the best of his ability." (*Id*. at 1). He further alleges he wrote a letter to Dexter Payne, Director of the ADC, indicating he was going to be released soon and was attempting to exhaust his full grievance procedure. (*Id*. at 2). Plaintiff alleges he wrote another letter to Dexter Payne upon his return to the ADC, and

3

received a letter back from Jada Lawrence, which confirms that he tried to exhaust his remedies. (*Id*.)  The letter is from Ms. Lawrence is dated October 1, 2021.  (ECF No. 42-1).  The letter from Ms. Lawrence does not mention exhaustion of the grievance process in any way other than to state the Director's office is not directly involved with the grievance process.

The Prison Litigation Reform Act ("PLRA") mandates exhaustion of available administrative remedies before an inmate files suit.  Section 1997e(a) of the PLRA provides: "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S. C. § 1997e(a).

In *Jones v. Bock*, 549 U.S. 199 (2007), the Supreme Court concluded that "exhaustion [as required by the PLRA] is not *per se* inadequate simply because an individual later sued was not named in the grievances."  *Id.* at 219.  "[T]o properly exhaust administrative remedies prisoners must complete the administrative review process in accordance with the applicable procedural rules."  *Id.* at 218 (internal quotation marks and citation omitted).  The Court stated that the "level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion."  *Id.*

The Eighth Circuit Court of Appeals has recognized only two exceptions to the PLRA exhaustion requirement: (1) when officials have prevented prisoners from utilizing the grievance procedures, or (2) when the officials themselves fail to comply with the grievance procedures.  *See Gibson v. Weber,* 431 F.3d 339, 341 (8th Cir. 2005) (explaining a prisoner is only required to exhaust those administrative remedies that are "available" and any remedies that prison officials prevent a prisoner from utilizing are not considered available).

Plaintiff does not dispute that he failed to exhaust the ADC grievance process concerning this incident. Instead, Plaintiff argues that he filed a grievance and exhausted it to the best of his abilities. (ECF No. 2, p. 10). This argument is blatantly contradicted by the summary judgment record, such that no reasonable jury could believe it. The grievance form Plaintiff submitted with his Complaint is largely blank, and any marks or writing on it are completely illegible. This form does not confirm that Plaintiff complied with any of the ADC grievance policy requirements related to this case. For example, it does not show that Plaintiff named Defendant Voss for the alleged incident on December 2, 2021, that Plaintiff submitted the form to anyone at the ADC to begin the grievance process, or even that the form was signed by Plaintiff, regardless of any possible content. In contrast, Defendant Voss has provided objective evidence that there were no grievances filed concerning the incident, including Plaintiff's grievance history at the ADC for the relevant time period and the sworn testimony of the ADC Grievance Supervisor. (ECF Nos. 2, 3).

Even if Plaintiff had provided evidence that he began a grievance, his release terminated the grievance process prior to exhaustion. The prison's grievance requirements, and not the PLRA, define the boundaries of proper exhaustion. *Jones,* 549 U.S. at 218. Under ADC Administrative Directive 19-34 (G)(10), "[r]elease of the inmate from custody will normally terminate his or her grievance, unless the parties are under court order to exhaust remedies or the grievance highlights a problem that needs to be addressed at the discretion of the Chief Deputy/Deputy/Assistant Director, or designee." Based on the summary judgment record before the Court, neither of those circumstances exist here. Although Plaintiff alleges he wrote a letter to the ADC Director before his release, the ADC grievance policy does not contemplate the use of letter-writing by inmates as a means to exhaust the grievance procedure.

Finally, to the extent Plaintiff's arguments could be interpreted to mean his release from the ADC prior to the completion of the grievance process is a "special circumstance" which warrants an exception to the mandatory ADC exhaustion requirements, this claim must also fail. It is well-established that a court may not excuse an inmate's failure to exhaust, even to take "special circumstances" into account. *Ross v. Blake*, 578 U.S. 632, 639 (2016); *see*, e.g., *Hanna v. Anderson*, 624 F. App'x 186, 187-88 (5th Cir. 2015) (inmate not excused from requirement to exhaust grievance process when he was released from the facility approximately 16 hours after an alleged excessive force incident and had no access to writing materials prior to release).

## IV.  CONCLUSION

Accordingly, it is recommended that the Motion for Summary Judgment (ECF No. 30) be **GRANTED** and the claims against Defendant Voss be **DISMISSED WITHOUT PREJUDICE**.[2] As service was not completed against Defendant Truehill, it is further recommended that Plaintiff's claims against Defendant Truehill be **DISMISSED WITHOUT PREJUDICE**.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **29th day of July 2022**.

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE

---

[2] Claims that are dismissed for failure to exhaust administrative remedies should be dismissed without prejudice. *See Sergent v. Norris*, 330 F.3d 1084, 1085 (8th Cir. 2003) (per curiam).