IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

JACOB WESLEY HARDEN                                                          PLAINTIFF

v.                                         Case No. 6:21-cv-06047

SERGEANT TRUEHILL and                                                        DEFENDANTS
LIEUTENANT VOSS

**ORDER**

Before the Court is the Report and Recommendation filed on July 29, 2022, by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. (ECF No. 20). Plaintiff Jacob Wesley Harden has objected. ECF No. 46. The government has not responded, and the time for doing so has passed. *See* 28 U.S.C. § 636(b)(1). Also before the Court is Plaintiff's Motion for Subpoena of Documents. ECF No. 47. The government again has not responded, and the time for doing so has passed. *See* W.D. Ark. Local Rule 7.2(b). The Court finds these matters ripe for consideration.

**DISCUSSION**

On April 9, 2021, Plaintiff filed this action against Sergeant Christopher Truehill and Lieutenant Dillon Voss in their individual and official capacities, alleging that they violated his constitutional right to be free from excessive force. ECF No. 2. More specifically, Plaintiff alleges that, while he was housed at the Ouachita River Correctional Unit, Sergeant Truehill and Lieutenant Voss escorted him to the "Day Clinic," and, during that escort, Sergeant Truehill punched him in the side of the head, Lieutenant Voss slammed him to the ground, and Sergeant Truehill kept punching him in the back of the head while he was laying on the ground. Plaintiff further alleges that he was, at that time, bleeding, and Lieutenant Voss rubbed his face in the pool of blood while Sergeant Truehill

yelled at him. According to Plaintiff, Sergeant Truehill's employment was terminated because of this incident.

On October 19, 2021, Lieutenant Voss filed a motion for summary judgment, arguing that summary judgment was proper because Plaintiff had not exhausted his administrative remedies. ECF No. 30. In support, Lieutenant Voss filed a copy of Administrative Directive 19-34, which provides for the Arkansas Division of Correction's (ADC) administrative grievance procedure (ECF No. 30-1), a declaration by Terri Grigsby-Brown, the Inmate Grievance Supervisor for the ADC (ECF No. 30-2), and a memorandum documenting all grievances filed by Plaintiff (ECF No. 30-3). On December 10, 2021, Plaintiff filed a response in opposition and, in support, attached a memorandum from Jada Lawrence, Executive Assistant to the Director of the ADC to Plaintiff, in which Lawrence writes, in part, "I have read and reviewed the correspondence you sent to my office concerning a grievance from a previous incarceration." ECF Nos. 42, 42-1. This memorandum is dated October 1, 2021. ECF No. 42-1. In his response, Plaintiff contends that this memorandum confirms that he attempted to exhaust his administrative remedies by writing a letter to the Director of the Arkansas Division of Correction, Dexter Payne, because he allegedly received Lawrence's memorandum in response. ECF No. 42.

Judge Bryant recommends that Lieutenant Voss's Motion for Summary Judgment (ECF No. 30) be granted and Plaintiff's claims against Lieutenant Voss be dismissed without prejudice because Plaintiff did not exhaust his administrative remedies, as required by the Prison Litigation Reform Act (PLRA). Plaintiff objects, arguing that the grievance form attached to his complaint (ECF No. 2, at 10) and the letter from Lawrence (ECF No. 42-1) show that he filed a grievance in relation to this incident. He also contends that he called the Arkansas State Crime Hotline to report the incident. Further, Plaintiff argues that because the ADC does not have proof of his grievance, he should be exempted from the PLRA's exhaustion requirement. Finally, Plaintiff argues that his release from custody prior to the exhaustion of his administrative remedies is a "special circumstance" exempting him from the PLRA's exhaustion requirement.

The Court is unpersuaded by Plaintiff's objections.  "Summary judgment is appropriate if, viewing all evidence and reasonable inference in the light most favorable to the nonmovant, there is no genuine issue of material fact." *Rinchuso v. Brookeshire Grocery Co.*, 944 F.3d 725, 729 (8th Cir. 2019).  "Once a party moving for summary judgment has made a sufficient showing, the burden rests with the non-moving party to set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists." *Wright v. Bella Vista Police Dep't*, 452 F. Supp. 3d 830, 838 (W.D. Ark. Apr. 3, 2020) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).  "As the Supreme Court explained, '[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment.'" *Garcia v. City of New Hope*, 984 F.3d 655, 664 (8th Cir. 2021) (quoting *Scott v. Harris*, 550 U.S. 372, 380 (2007)).

As Judge Bryant explained, the PLRA requires prisoners to exhaust all available administrative remedies prior to challenging "prison conditions under Section 1983."  42 U.S.C. § 1997e(a).  "In *Jones v. Bock*, the Supreme Court concluded that 'to properly exhaust administrative remedies[,] prisoners must complete the administrative review process in accordance with the applicable procedural rules.'" *Mendoza v. Godbolt*, No. 4:17-cv-4001, 2018 WL 3738225, at *1 (W.D. Ark. Aug. 7, 2018) (quoting *Jones v. Bock*, 599 U.S. 199, 218 (2007)).  "[T]he Supreme Court [has] concluded that 'exhaustion' under § 1997e(a) means proper exhausting, that is, 'using all the steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits) . . . ." *Hammett v. Cofield*, 681 F.3d 945, 947 (8th Cir. 2012) (citation omitted).  "The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, not the PLRA, that define the boundaries of proper exhaustion." *King v. Iowa Dep't of Corrs.*, 598 F.3d 1051, 1054 (8th Cir. 2010) (quoting *Jones*, 549 U.S. at 218).  The Supreme Court has recognized only a few exceptions to this exhaustion requirement: when the

3

administrative procedure "operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates," when the administrative procedure is "so opaque that it becomes, practically speaking, incapable of use," and "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Ross v. Blake*, 578 U.S. 632, 634-44 (2016).

Plaintiff maintains that he exhausted the available remedies "to the best of his ability," pointing to two documents as proof: a grievance form which he allegedly submitted on December 9, 2020 (ECF No. 2, at 10) and the letter from Lawrence, the Executive Assistant to the Director of the ADC, allegedly sent in response to Plaintiff's letter to the ADC Director (ECF No. 42-1). However, these documents do not show that Plaintiff exhausted the available remedies in accordance with the PLRA. The grievance form is entirely blank, save for a few indecipherable markings, and the letter from Lawrence is not proof of anything more than the fact that Plaintiff contacted the ADC Director's office, a step that is not a part of the grievance procedure. Therefore, the Court does not accept Plaintiff's version of the facts to the extent that he contends that he exhausted the available administrative remedies. *See Garcia*, 984 F.3d at 664.

Further, as Judge Bryant correctly noted, although Plaintiff argues that he exhausted the available administrative remedies, he simultaneously argues that the circumstances present here warrant an exemption from the PLRA's exhaustion requirement such that he was not required to exhaust his administrative remedies. However, the circumstances do not fit within one of the previously recognized exceptions to the PLRA's exhaustion requirement. *See Ross*, 578 U.S. at 634-44. Moreover, the Supreme Court and the Eighth Circuit have both "instructed that the exhaustion requirement is 'mandatory.'" *Muhammad v. Mayfield*, 933 F.3d 993, 1000 (8th Cir. 2019) (quoting *Woodford v. Ngo*, 548 U.S. 81, 85 (2006)). Therefore, the Court agrees with Judge Bryant's finding that Plaintiff failed to exhaust his administrative remedies in accordance with the PLRA and that,

because Plaintiff failed to exhaust his administrative remedies, summary judgment in favor of Lieutenant Voss is appropriate.

Judge Bryant also recommends dismissing Plaintiff's claims against Sergeant Truehill, "[a]s service was not completed against Defendant Truehill." ECF No. 45, at 6. Plaintiff did not object to this recommendation, and a review of the record demonstrates that, even though Judge Bryant granted several extensions of time so that Plaintiff could serve Sergeant Truehill, summons to Sergeant Truehill was returned unexecuted. Ultimately, the Court agrees with Judge Bryant's finding that Plaintiff did not serve Sergeant Truehill, and absent proper service, dismissal of Plaintiff's claims against Sergeant Truehill is appropriate. *See* Fed. R. Civ. P. 4(l) ("If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant . . . .").

Finally, on August 12, 2022, Plaintiff filed a Motion for Subpoena of Documents in which he asks the Court to "serve the subpoena sought by the Plaintiff to place the ADC on notice that this action exists, and to impose an affirmative duty on the ADC to preserve the sought-after evidence." ECF No. 47, at 1. Specifically, Plaintiff seeks "the camera-video footage of the excessive force used by Defendants," "the reports that were made by ADC officials on the incident," "any statements or reports written on Plaintiff's behalf," "the pictures that were taken of Plaintiff and Defendants after the incident," and "medical reports taken by medical staff on Plaintiff and Defendants." ECF No. 47. However, because the Court finds that summary judgment on Plaintiff's claims against Lieutenant Voss is appropriate and that dismissal of Plaintiff's claims against Sergeant Truehill for lack of service is appropriate, the Court finds that Plaintiff's Motion for Subpoena of Documents, apparently to preserve evidence in connection with his claims against Lieutenant Voss and Sergeant Truehill, is moot. *Cf. Jannetta v. Minn. Dep't of Human Servs.*, No. 19-cv-2622, 2021 WL 459977, at *7 (D.

Minn. Feb. 9, 2021) ("The obligation to preserve evidence begins when a party knows or should have known that the evidence is relevant to future or current litigation." (citation omitted)).

## CONCLUSION

Upon *de novo* review of Judge Bryant's Report and Recommendation, and for the reasons discussed above, the Court finds that Plaintiff offers neither law nor fact which would cause the Court to deviate from that Report and Recommendation. Accordingly, the Court hereby overrules Plaintiff's objections and adopts the Report and Recommendation (ECF No. 45) *in toto*. Lieutenant Voss's Motion for Summary Judgment (ECF No. 30) is hereby **GRANTED**, and Plaintiff's claims against Lieutenant Voss are **DISMISSED WITHOUT PREJUDICE**. Additionally, Plaintiff's claims against Sergeant Truehill are hereby **DISMISSED WITHOUT PREJUDICE**. Finally, because the Court grants Lieutenant Voss's Motion for Summary Judgment and dismisses Plaintiff's claims against Sergeant Truehill, the Court finds that Plaintiff's Motion for Subpoena of Documents is **DENIED AS MOOT**.

**IT IS SO ORDERED**, this 30th day of August, 2022.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge